**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2437
_____

ERICK OSBELI GARCIA-MANTAR,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency Case No. A208-750-545)
Immigration Judge: Steven A. Morley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 16, 2025

Before: SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Opinion filed: August 15, 2025)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Petitioner Erick Osbeli Garcia-Mantar is a citizen of Guatemala. When he was seventeen years old, he left Guatemala and entered the United States. Soon thereafter, the Department of Homeland Security charged him with removability. Garcia-Mantar conceded the charge but applied for asylum and withholding of removal. In support of his application, he testified that his stepfather abused him in Guatemala and that he fears persecution due to his membership in the proposed particular social group (PSG) "Guatemalan males between the ages of 12 and 25 who are members of a family of a former gang member." A.R. 35 (capitalization omitted).

An Immigration Judge (IJ) denied relief. The IJ determined that Garcia-Mantar did not present sufficient evidence of abuse to satisfy the past-persecution standard. The IJ also found that Garcia-Mantar's proposed PSG is not cognizable, and Garcia-Mantar did not prove his membership in the proposed PSG or that he would be persecuted due to any such membership. The Board of Immigration Appeals (BIA) affirmed the IJ's ruling.[1]

Substantial evidence supports the IJ's finding that Garcia-Mantar did not demonstrate past persecution. *See Thayalan v. Att'y Gen.*, 997 F.3d 132, 137 n.1 (3d Cir.

---

[1] The IJ had jurisdiction under 8 C.F.R. § 1208.2, the BIA had jurisdiction under 8 C.F.R. § 1003.1(b), and we have jurisdiction under 8 U.S.C. § 1252(a)(1). Because "the BIA affirm[ed] and partially reiterate[d] the IJ's discussions and determinations, we look to both decisions." *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017). "We review legal determinations de novo and factual findings for substantial evidence." *Saban-Cach v. Att'y Gen.*, 58 F.4th 716, 724 n.23 (3d Cir. 2023).

2021).[2] Garcia-Mantar testified that his stepfather abused him but provided no description of the abuse. He stated only that his stepfather made him "work every day at home." A.R. 144. But that does not amount to persecution. *See Blanco v. Att'y Gen.*, 967 F.3d 304, 311 (3d Cir. 2020) (defining persecution to include "threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom" (citation omitted)).

As to future persecution, Garcia-Mantar challenges the IJ's finding that his proposed PSG is not cognizable. But he raises no challenge to the IJ's separate finding that he did not prove his membership in the proposed PSG, so he has forfeited that argument. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (treating arguments not raised in a party's opening brief as forfeited). The non-membership finding is dispositive of Garcia-Mantar's asserted fear of future persecution. Accordingly, he is ineligible for asylum or withholding of removal. *See Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 484 (3d Cir. 2022).

For these reasons, we will deny the petition for review.

---

[2] We would reach the same conclusion under de novo review. *See Urias-Orellana v. Garland*, 121 F.4th 327 (1st Cir. 2024), *cert. granted sub nom. Urias-Orellana v. Bondi*, --- S. Ct. ----, 2025 WL 1787712 (U.S. June 30, 2025) (No. 24-777) (granting certiorari to address whether a federal appeals court must defer to the BIA's judgment that a set of undisputed facts does not amount to persecution).